IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL STRATEGIC CANCER ALLIANCE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> STICHTING KATHOLIEKE UNIVERSITEIT, D/B/A RADBOUD UNIVERSITY NIJMEGAN MEDICAL CENTRE, <br><br> *Defendant*. | CIVIL ACTION NO. 17-CV-02024-MMB <br><br> FILED <br><br> MAR 1 2 2018 |

## STIPULATED PROTECTIVE ORDER

The Parties hereby stipulate and agree to the entry of the following Protective Order and request the Court to enter the Protective Order pursuant to Rule 26(c) and Local Rule 7.4 by and between plaintiff, INTERNATIONAL STRATEGIC CANCER ALLIANCE, LLC ("ISCA"), and defendant, STICHTING KATHOLIEKE UNIVERSITEIT, D/B/A RADBOUD UNIVERSITY NIJMEGAN MEDICAL CENTRE ("RUNMC"), each, individually a "Party," and collectively the "Parties."

WHEREAS ISCA and RUNMC hereby acknowledge that certain documents and other information relevant to this action include confidential, proprietary and/or trade secret information relating to the businesses of the Parties, which, if disclosed, may harm a Party's business, commercial, or financial interests; and

WHEREAS the Parties desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials; and

4. Confidential Material shall be used by the Parties solely for purposes of this litigation, shall not be used by the Parties for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Parties to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for the Parties may give advice and opinions to the Parties solely relating to the above-captioned action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the Parties, or by Order of the Court.

5. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel for the Parties (herein defined as any attorney at the Parties' outside law firms);

    b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    c. The Court and court personnel, in the manner prescribed by Paragraph 14 hereof;

    d. Any deponent may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it, was personally involved in the subject matter described therein or is employed by the Party who produced the information, document or thing, or if the producing party consents to such disclosure;

    e. Executives, officers, directors, and other employees of the Parties, to the extent that such disclosure is necessary to assist in the conduct of this litigation.

    f. Outside experts and consultants retained by the receiving Party's outside counsel to assist in this litigation (and the expert's or consultant's staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials), who are not past or present full-time employees of any Party, provided

the identities of the Parties' customers, the identities of the Parties' vendors or contractors, and the Parties' sales and financial information.

9. Material produced and marked as Attorneys' Eyes Only Material shall be used by the Parties solely for purposes of this litigation, shall not be used by the Parties for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Parties to anyone other than those set forth in Paragraph 10, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by Order of the Court. It is, however, understood that counsel for the Parties may give advice and opinions to the Parties solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only Material except by prior written agreement of counsel for the Parties or by Order of the Court.

10. Attorneys' Eyes Only Material and the contents of Attorneys' Eyes Only Material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel for the Parties (herein defined as any attorney at the Parties' outside law firms);

   b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   c. The Court and court personnel, in the manner prescribed by Paragraph 14 hereof; and

   d. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was personally involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure.

   e. Outside experts and consultants retained by the receiving Party's outside counsel to assist in this litigation (and the expert's or consultant's staff, stenographic, and clerical employees whose duties and responsibilities require access to such

in writing to such objection within five (5) business days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If the written objection expressly refers to this paragraph and the duty to respond within 5 business days, and no timely written response is made to the objection, then the challenged designation will be deemed to be void. If the Designating Party makes a timely response to such objection asserting the propriety of the designation, counsel for the Parties shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a designation cannot be resolved by agreement, the Designating Party shall present the dispute to the Court in accordance with Local Rule 26.1. The Designating Party shall have the burden of showing that the designated document should be treated as Protected Material. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

14. **Court Filings and Hearings**: No information designated Confidential or Attorneys' Eyes Only shall be submitted to the Court – including without limitation quoting, attaching, or paraphrasing such information in any pleading, motion, memorandum, or other filing – unless under seal. If a Party desires to submit non-confidential portions of a document designated as Protected Material, that Party shall redact the Protected Material and submit the redacted document to the Court. Consistent with Local Rule 5.1.5, nothing in this Order shall be construed as authorizing the filing of materials under seal with the Court in the absence of a separate Order of the Court authorizing the sealing of specific materials. Any motion to seal materials submitted to the Court shall be made pursuant to the provisions of Local Rules 5.1.5 and. 7.1.

15. **Inadvertent Disclosure**: To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Designating Party's claim

22. Upon final conclusion of this action, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Protected Material and to destroy, should such source so request, all copies of Protected Material, as well as excerpts, summaries and digests revealing Protected Material; provided, however, that counsel for the Parties may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Protected Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the requesting Party shall file a motion seeking such relief.

23. The Parties are bound to this Protective Order as of the date it is executed by all of the Parties and adopted by the Court.

24. The Parties agree that the Court retains jurisdiction subsequent to settlement or entry of judgment to amend, modify, *for up to one year* and enforce the terms of this Protective Order as the Court may from time to time deem appropriate, as well as to resolve any disputes about the disposition of Confidential or Attorney's Eyes Only Materials at the conclusion of the litigation.

## ATTACHMENT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,_____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is,_____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Material disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

Dated: _____     _____
                                  PRINTED NAME


                                  _____
                                  SIGNATURE